IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHILOMENA SMITH,

Plaintiff,

-vs-

MERCANTILE ADJUSTMENT BUREAU, LLC,

CASE NO.: 8:13 cv1858 T 30 AEP

Defendant.
_____/

## COMPLAINT

1. The Plaintiff, PHILOMENA SMITH, by and through the undersigned counsel, sues the Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC (" MERCANTILE"), and in support thereof respectfully alleges the following:

2. Plaintiff alleges violations of the Fair Debt Collection Act, 15 U.S.C.§ 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

3. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and costs.

4. Jurisdiction and venue for purposes of this action are appropriate and conferred by 15 U.S.C. § 1692 K(d).

5. Venue is proper in this District because the acts and transactions and the alleged violations described herein occurred in Pinellas County, Florida.

1



## FACTS COMMON TO ALL COUNTS

6. Plaintiff is a natural person and citizen of the State of Florida, residing in Pinellas County, Florida.

7. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3).

8. Defendant, MERCANTILE, is a corporation and citizen of the State of New York with its principal place of business located at 165 Lawrence Bell Drive, Suite 100, Williamsville, New York.

9. Defendant is a "debt collector" as defined by 15 U.S.C §1692(a)(6). Defendant sought to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

10. The debt that is the subject matter of this complaint is a "consumer debt" as defined by 15 U.S.C. §1692(a)(4).

11. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiff's residential telephone number, (727) 954-3164, several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass, all in an effort to collect the subject debt.

12. Some, or all, of the calls the Defendants made to the Plaintiffs was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

13. Each call the Defendant made to the Plaintiff's residential telephone number was done so without the "express permission" of the Plaintiff.

14. In approximately September, 2012, Plaintiff began receiving prerecorded automated calls from Defendant, MERCANTILE, harassing Plaintiff by their agents and representatives

including attempting to collect on a debt by calling Plaintiffs repeatedly and leaving an artificial voice in prerecorded messages for "Salveco Feta" without Plaintiff's expressed consent and despite Plaintiff repeatedly advising Defendant's representatives and agents that the number they were calling was not "Salveco Feta's" number and that she had no knowledge of that person.

15. Despite informing Defendant that she was not the person Defendant was attempting to contact, the automated calls from Defendant to Plaintiff's residential phone continued approximately two to three times a day. Defendant has, or should be in possession and/or control of call logs and/or account notes that detail the exact number of calls made to Plaintiff over the relevant time period.

16. Defendant's calls to Plaintiff continued even after Plaintiff spoke with a supervisor in the fall of 2012 who assured her that he would take care of the situation and remove her number from Defendant's system. The calls continued, well over 100 calls, until approximately June, 2013.

17. The Defendants have corporate policies to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's residential telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

18. Despite actual knowledge of their wrongdoing, Defendant continued its campaign of abuse.

19. Defendan's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

20. Defendant's corporate policy provided no means for the Plaintiff to have hear number removed from its call list.

21. Defendant has a corporate policy to harass and abuse individuals and set up their call-back systems in a manner which makes it virtually impossible for the automated calls to stop.

22. Defendant has harassed and abused the Plaintiff in an effort to collect the subject debt, by knowingly employing methods that did not permit the cessation of calls to Plaintiff.

23. Defendant's refusal to remove the Plaintiff's phone number from its calling list and dialing system, which included automated telephone dialing system calls and/or artificial prerecorded voice messages, being left two to three times a day, has caused the Plaintiff's life to be disrupted by the repeated phone calls and has caused Plaintiff stress and frustration in trying to rectify Defendant's conduct and errors to no avail.

24. Defendant's calls and refusal to stop calling were attempts to collect the alleged debt from Plaintiff by harassment.

25. Due to Defendant's constant calls and demands for payment, Plaintiff has suffered actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain and anguish and loss of the capacity to enjoy life.

26. Plaintiff's statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain and anguish and loss of the capacity to enjoy life pursuant to Federal Statute 15 U.S.C. § 1692 have continued and are continuing as of the filing of this complaint.

27. All conditions precedent to the filing of this action have occurred.

## CAUSES OF ACTION

### COUNT I

**(Violation of the Fair Debt Collection Practices Act "FDCPA")**

Plaintiff re-alleges paragraphs one (1) through twenty-seven (27) above and further states:

28. The foregoing acts and omissions of the Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC , and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, the following provisions of the FDCPA, 15 U.S.C. § 1693 et seq., with respect to Plaintiff:

    (a) The Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the alleged debt;

    (b) The Defendant violated 15 U.S.C. § 1692(d) by conduct, the natural consequence of which is to harass, oppress, or abuse any person;

    (c) The Defendant violated 15 U.S.C. § 1692(d)(5) by causing Plaintiff's phone to ring repeatedly.

WHEREFORE, Plaintiff respectfully demand a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

                                  Respectfully submitted,

                                  Michael J. Vitoria, Esquire
                                  Morgan & Morgan, Tampa, P.A.
                                  One Tampa City Center
                                  201 N. Franklin Street, 7th Floor
                                  Tampa, FL 33602
                                  Tele: (813) 223-5505
                                  Fax: (813) 223-5402
                                  MVitoria@ForThePeople.com
                                  afloyd@forthepeople.com
                                  Florida Bar #: 0135534
                                  Attorney for Plaintiff