UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHILOMENA SMITH,

    Plaintiff,

CASE NO.: 8:13-cv-1858-T-30AEP

v.

MERCANTILE ADJUSTMENT
BUREAU, LLC,

    Defendant.
_____/

## MERCANTILE ADJUSTMENT BUREAU, LLC's, ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Mercantile Adjustment Bureau, LLC ("MAB"), by and through its undersigned counsel, hereby submits this Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows:

1. MAB admits that Plaintiff is suing MAB in this matter. Except as specifically admitted, MAB denies the allegations contained in ¶ 1.

2. MAB admits that Plaintiff purports to bring an action for damages for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, but denies any wrongdoing or violations of the FDCPA as alleged in ¶ 2.

### JURISDICTION and VENUE

3. MAB admits that Plaintiff purports to bring an action for damages exceeding $15,000 dollars exclusive of attorney's fees and costs. MAB denies liability and damages, and to the extent the allegations contained in ¶ 3 state otherwise, they are denied.

4. MAB leaves all matters of jurisdiction and venue to the Court; therefore, MAB denies the allegations contained in ¶ 4.

5. MAB leaves all matters of venue to the Court; therefore, MAB denies the allegations contained in ¶ 5.

## FACTS COMMON TO ALL COUNTS

6. MAB denies the allegations contained in ¶ 6 for lack of knowledge or information to form a reasonable belief therein.

7. MAB denies the allegations contained in ¶ 7 for lack of knowledge or information to form a reasonable belief therein and as calling for a legal conclusion.

8. MAB admits the allegations contained in ¶ 8.

9. MAB admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a (6), its debt collection activities may be regulated by certain provisions of the FDCPA. Except as specifically admitted, MAB denies the remaining allegations contained in ¶ 9 for lack of knowledge or information to form a reasonable belief therein.

10. MAB denies the allegations contained in ¶ 10 for lack of knowledge or information to form a reasonable belief therein and as calling for a legal conclusion.

11. MAB denies the allegations contained in ¶ 11.

12. MAB denies the allegations contained in ¶ 12 for lack of knowledge or information to form a reasonable belief therein and as calling for a legal conclusion.

13. MAB denies the allegations contained in ¶ 13.

14. MAB denies the allegations contained in ¶ 14.

15. MAB denies the allegations contained in ¶ 15.

16. MAB denies the allegations contained in ¶ 16.

Case 8:13-cv-01858-JSM-AEP   Document 7   Filed 08/20/13   Page 3 of 5 PageID 22

17. MAB denies the allegations contained in ¶ 17.

18. MAB denies the allegations contained in ¶ 18.

19. MAB denies the allegations contained in ¶ 19.

20. MAB denies the allegations contained in ¶ 20.

21. MAB denies the allegations contained in ¶ 21.

22. MAB denies the allegations contained in ¶ 22.

23. MAB denies the allegations contained in ¶ 23.

24. MAB denies the allegations contained in ¶ 24.

25. MAB denies the allegations contained in ¶ 25.

26. MAB denies the allegations contained in ¶ 26.

27. MAB denies the allegations contained in ¶ 27.

## CAUSES OF ACTION

## COUNT I

**(Violation of the Fair Debt Collection Practices Act "FDCPA")**

MAB reasserts the foregoing as if fully incorporated.

28. MAB denies the allegations contained in ¶ 28, including, subparts a-c.

## AFFIRMATIVE DEFENSES BY MAB

1. MAB only called the number at issue 24 times over a time period of roughly 1 year, and none of the calls led to any contact with anyone. Further, MAB did not call the number at issue looking for consumer "Salveco Feta" or anything remotely close to that name. If plaintiff was called as many times as she alleges, the contact and violative calls are attributable to calls made by some other entity. As such, any liability and damages suffered by plaintiff was legally and proximately caused by persons or entities other than MAB and

3

were beyond the control or supervision of MAB or for whom MAB was and is not responsible or liable.

     2.     The lawsuit was filed on 7/30/13, and the FDCPA statute of limitations is 1 year. Some of the calls MAB made to the number at issue were made before 7/30/12. As such, part of the claim some of the calls are barred by the statute of limitations, laches, estoppel, and/or waiver.

WHEREFORE, Defendant, Mercantile Adjustment Bureau, LLC, requests that the Court dismiss this action with prejudice and grant it relief that the Court deems appropriate.

Respectfully submitted,

/s/ Kenneth C. Grace
Kenneth C. Grace, Esq.
Florida Bar No.: 0658464
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618-4317
Telephone: (813) 890-2465
Facsimile: (866) 466-3140
kgrace@sessions-law.biz
dvanhoose@sessions-law.biz

*Attorneys for Defendant,*
*Mercantile Adjustment Bureau, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 20th day of August, 2013, a copy of the foregoing was served electronically via CM/ECF on the following:

Michael J. Vitoria, Esq.
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
MVitoria@forthepeople.com

/s/ Kenneth C. Grace
Attorney